IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES W. ARCHER, et al.,            :

    Plaintiffs,                 :

v.                                  :
                                    Civil Action No. GLR-12-1099

FREEDMONT MORTGAGE CORPORATION,     :
et al.,
                                    :

    Defendants.
                                    :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Freedmont Mortgage Corporation ("Freedmont"), Gateway Funding Diversified Mortgage Services Limited Partnership ("Gateway"), Carl Delmont, and Jason Delmont's (collectively the "Defendants") Motion for Summary Judgment against Plaintiffs James Archer, John DeSantis, Vernon Tydings, and Craig Vanik (collectively the "Plaintiffs"). (See ECF No. 17).  Plaintiffs allege Defendants failed to pay minimum and overtime wages as required by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.A §§ 201 et seq. (West 2012), Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 et seq. (West 2012),[1] and Maryland Wage Payment

---

[1] The requirements under the MWHL mirror those of the federal law; as such, Plaintiffs' claims under the MWHL stand or fall on the success of their claims under the FLSA. See Turner v. Human Genome Science, Inc., 292 F.Supp.2d 738, 744 (D.Md. 2003).

and Collection Law ('MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 (West 2012).

The questions before the Court are whether genuine issues of material fact exist as to whether (1) Plaintiffs fall within the ambit of the "outside salesman" exemption found in 29 U.S.C. § 213(a)(1); and (2) Defendants suffered Plaintiffs to work regular and overtime hours. The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). Because Plaintiffs have not been afforded an adequate opportunity to conduct discovery, Defendants' Motion will be denied without prejudice.

## I.   BACKGROUND[2]

Plaintiffs were employed as loan officers by Defendants, beginning as early as 2002 through 2011. Their jobs entailed selling residential mortgage loans during the statutory period. In accordance with their employment contract, Plaintiffs derived compensation exclusively from commissions on the loans they sold. Plaintiffs never received or demanded hourly wages.

Though Plaintiffs solicited their own clients, they were also given leads that were generated by Defendants' advertising. For that reason, Plaintiffs were obligated to spend one day each week in Defendants' offices to field phone calls from customers

---

[2] Unless otherwise noted, the following facts are taken from the Complaint and Defendants' Motion for Summary Judgment and are viewed in the light most favorable to Plaintiffs.

seeking to learn more about Defendants' loans.  Otherwise, Plaintiffs were free to work from home or elsewhere.  Plaintiffs also determined the number of hours they worked each day.[3]

Pursuant to their employment contracts, Plaintiffs were expected to perform the majority of their jobs outside the office via face-to-face meetings with prospective clients.[4] (Def.'s Mot. Summ. J. Exs. 1-2, ECF Nos. 17-4, 17-5).  Indeed, Defendants strongly discouraged the solicitation of sales by phone or email.  (Id.)

Defendants contend they did not keep track of Plaintiffs' time, supervise their activities while in the office, or have any way of knowing how often or for how many hours Plaintiffs worked out of the office.  (Id.)  Nevertheless, Plaintiffs contend they worked in Defendants' office approximately forty to fifty hours each week.  (See Archer Dep. 76:12-16, June 19, 2012; DeSantis Dep. 40:3-17, June 19, 2012; Tyings Dep. 24:19-25:12, June 19, 2012; Vanik Dep. 27:1-11, June 19, 2012).

Mr. Archer worked for Defendants from approximately April 2011 through December 2011.  Mr. Archer alleges he was paid only

---

[3] There is some evidence in the record that Defendants strongly encouraged Plaintiffs to work in the office to field leads as often as possible.  (See DeSantis Dep. 34:13-15).

[4] Although only Mr. Tydings and Mr. Vanik signed acknowledgement forms detailing the scope of their employment, during deposition Mr. Archer and Mr. DeSantis confirmed the scope of their employment was identical to Mr. Tydings and Mr. Vanik.  (See Archer Dep. 31:7-18; DeSantis Dep. 58:6-59:4).

$31 during his tenure with Defendants.  Mr. DeSantis worked for Defendants from approximately mid-March 2011 to the end of June 2011.  Mr. DeSantis contends that during his stint with Defendants, he was paid only one commission check in the amount of $2,752.51.  Mr. Tydings worked for Defendants from 2002 until September 14, 2011.  Mr. Tydings alleges he experienced many pay periods in which he received no wages.  Finally, Mr. Vanik worked for Defendants from late 2008 through July 15, 2011.  Mr. Vanik asserts he received less than minimum wages or no wages for various pay periods during his employment with Defendants.

Plaintiffs instituted a four-count action against Defendants on May 31, 2012, alleging violations of: (1) FLSA § 206(a)(1); (2) FLSA § 207; (3) MWHL §§ 3-415 and 3-420; and (4) MWPCL § 3-501(c)(2)(ii).  Thereafter, on July 3, 2012, Defendants filed a Motion for Summary Judgment.  Plaintiffs filed an Opposition on July 18, 2012, and Defendants filed a response on July 23, 2012.

## II.  DISCUSSION

### A.  Standard of Review

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317,

4

323-25 (1986).  In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson, 477 U.S. at 247-48.

A "material fact" is a fact that might affect the outcome of a party's case.  Id. at 248; JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001).  Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248; Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  Anderson, 477 U.S. at

5

248. Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp., 477 U.S. at 324.

**B.   Analysis**

Defendants contend that they are not bound by the requirements of sections 206 and 207 of the FLSA because the statute exempts Plaintiffs as "outside salesmen" from those provisions.   See 29 U.S.C.A § 213 (West 2012).   Section 206(a)(1) of the FLSA provides, in relevant part, that

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) . . . not less than (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day; . . . . .

29 U.S.C.A. § 206(a)(1)(A)-(C) (West 2012).  Similarly, section 207(a)(1) provides, in relevant part, that

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C.A. § 207(a)(1) (West 2012).

The FLSA, nevertheless, provides that "[t]he provisions of section 206 . . . and section 207 . . . shall not apply to (1) any employee employed . . . in the capacity of [an] outside salesman . . . ." 29 U.S.C.A. § 213(a)(1) (West 2012). An outside salesman is defined as (1) an employee whose primary duty is making sales or "obtaining orders or contract for services or for the use of facilities for which a consideration will be paid by the client or customer"; and (2) an employee "[w]ho is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty." 29 C.F.R. § 541.500(a) (West 2012).

Work performed incidental to and in conjunction with the employee's own outside sales or solicitations, however, is considered exempt outside sales work. 29 C.F.R. § 541.500(b) (West 2012). "Other work that furthers the employee's sales efforts also shall be regarded as exempt work including, for example, writing sales reports, updating or revising the employee's sales or display catalogue, planning itineraries and attending sales conferences." Id. The regulations further provide that

> The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as

7

>an adjunct to personal calls. Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.

29 C.F.R. § 541.502 (West 2012).

Because the employee's exempt status is an affirmative defense, the employer bears the burden of proving the exemption by clear and convincing evidence. *Stricker v. Eastern Off Road Equip., Inc.,* 935 F.Supp. 650, 653-54 (D.Md. 1996). The FLSA exemption must be narrowly construed against the employer who asserts it. *U.S. Dept. of Labor v. North Carolina Growers Ass'n,* 377 F.3d 345, 350 (4th Cir. 2004); *Stricker,* 935 F.Supp. at 654.

Here, Defendants must show that Plaintiffs were primarily engaged in outside sales and that any inside sales they conducted were incidental to and in conjunction with the Plaintiffs' own outside sales or solicitations. Defendants appear to tacitly acknowledge their burden, for they attached to their Motion the affidavits of Carl and Jason Delmont, and other exhibits, in an effort to demonstrate that Plaintiffs qualify as outside salesmen. Plaintiffs responded in turn with four affidavits of their own and attempt to contradict Defendants' affidavits.

At this point, with the exception of Plaintiffs'

8

depositions, very little discovery has taken place.  On June 27, 2012, Plaintiffs served a set of interrogatories and requests for production of documents on Defendants Freedmont and Gateway. (Greenberg Aff. ¶ 4, July 18, 2012, ECF No. 21-8).  Defendants' responses were due on July 30, 2012.  (Id. ¶ 5).  On July 3, 2012, however, Defendants filed the instant Motion for Summary Judgment.

Generally, summary judgment must not be ordered when the nonmoving party has not had the opportunity to discover information essential to its opposition.  Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002).  If the nonmoving party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, it must file a Rule 56(d) affidavit stating that it could not properly oppose a summary judgment motion without a chance for discovery. See id. at 244-45 (discussing affidavit requirement of former Rule 56(f)).  A party may not simply lament the lack of discovery; it must set forth its specific discovery needs in the Rule 56(d) affidavit.  Curtis v. Pracht, 202 F.Supp.2d 406, 412 (D.Md. 2002).

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'"  Hamilton v. Mayor & City Council of Balt., 807 F.Supp.2d 331, 342 (D.Md. 2011) (quoting Young v. UPS, No. DKC-08-2586, 2011 WL 665321, at *20, (D.Md.

9

Feb.14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" Scott v. Nuvell Fin. Servs., LLC, 789 F.Supp.2d 637, 641 (D.Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995); see Amirmokri v. Abraham, 437 F.Supp.2d 414, 420 (D.Md. 2006), aff'd, 266 F.App'x 274 (4th Cir.), cert. denied, 555 U.S. 885 (2008).

In this case, Plaintiffs argue that they are inside salesmen, and thus are not exempt from the FLSA. Significantly, Plaintiffs' Rule 56(d) affidavit only requests additional discovery for purposes of making three factual findings: (1) whether both Gateway and Freedmont were Plaintiffs' employers under the FLSA and MWHL; (2) whether Jason and Carl Delmont may be held individually liable; and (3) whether Mr. DeSantis was properly paid his entire commission under the MWPCL. (Greenberg Aff. ¶¶ 12-13, 17-19, July 18, 2012, ECF No. 21-8). With respect to Plaintiffs' FLSA and MWHL claims, it is not clear that the additional evidence sought for discovery will, by

10

itself, create a genuine issue of material fact sufficient to defeat summary judgment. Plaintiffs find redemption in their Opposition, however, which contains a paragraph requesting discovery to obtain the "Uniform Residential Loan Application (HUD Form 1003), likely the most detailed documentary evidence of where loan officers' sales activities took place." (Pl.'s Opp'n to Defs.' Mot. Summ. J. at 10 ["Pl.'s Opp'n"], ECF No. 21). This evidence could be sufficient to create a genuine issue of material fact because it is relevant to Plaintiffs' status as outside salesmen, which is an issue that could determine the outcome of the FLSA claims. To be sure, the evidence may also shed light on whether Defendants suffered Plaintiffs to work regular and overtime hours.

The fact that Plaintiffs bemoan lack of discovery regarding the HUD forms in their Opposition, as opposed to their Rule 56(d) affidavit, does not mean that the statements in their Opposition cannot also be construed as a Rule 56(d) affidavit. The U.S. Court of Appeals for the Fourth Circuit has held that if the nonmoving party makes objections to summary judgment that satisfy the purpose of the affidavit and has not been lax in discovery, the court may order further discovery without the affidavit. Harrods, 302 F.3d at 244-45; Chernova v. Elec. Sys. Servs., Inc., 247 F.Supp.2d 720, 722-23 (D.Md. 2003). Here, Plaintiffs have devoted an entire paragraph of their Opposition

11

to arguing that they are entitled to discovery of the HUD forms, which could create a genuine issue of material fact regarding their status as outside salesmen. (See Pl.'s Opp'n at 10). Plaintiffs could not have been lax in discovery because they have not yet had the opportunity to conduct meaningful discovery. Chernova, 247 F.Supp.2d at 723.

Accordingly, Defendants' Motion for Summary Judgment will be denied as to all Counts without prejudice to allow discovery to take place.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES, without prejudice, Defendants' Motion for Summary Judgment (ECF No. 17). A scheduling order shall be issued.

Entered this 18th day of October, 2012

/s/
_____
George L. Russell, III
United States District Judge